Elizabeth Wallace Adolfson v. Commissioner.
Adolfson v. Commissioner
Docket No. 2823.
United States Tax Court
1944 Tax Ct. Memo LEXIS 288; 3 T.C.M. (CCH) 340; T.C.M. (RIA) 44121; April 13, 1944
*288 Elizabeth Wallace Adolfson, pro se. Francis X. Gallagher, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $74.95 in income tax for the year 1941. The only error alleged is respondent's failure to allow an exemption of $1,500 as head of a family. [The Facts] Petitioner and her father, a retired railroad employee, live together in a four-room apartment. The father's pension was $61 per month. Petitioner was employed and received a salary of $160 per month. None of the father's checks were deposited in the petitioner's bank account. Petitioner paid $45 per month as rent of the apartment and $7 per month as rent for a garage. The electricity, gas and telephone accounts were carried in the name of the father but petitioner paid the bills. Petitioner submitted without further explanation a number of cancelled checks showing payment by her of these and other bills. She also submitted in evidence without further explanation check stubs covering the taxable year. There was no testimony connecting the check stubs with particular expenditures nor was any evidence furnished as to the use by the father of his pension. *289 In the absence of a statutory definition of the phrase "head of a family" the Commissioner's regulations have provided certain tests. These are (1) actual support; (2) maintenance of a home; (3) right to exercise family control; and (4) actual relationship by blood or adoption, supported by legal or moral obligation. On the record made, petitioner satisfies but two of these requirements, these being the maintenance of a home and the blood relationship. There is no testimony from which we can deduce that petitioner actually supported her father. We do not know who paid for the food used or what contribution the father may have made thereto out of his pension. The unexplained check stubs were not sufficient to establish petitioner's case. There is likewise no proof of petitioner's right of family control. There is no evidence that the father was ill or incompetent, or otherwise not free to exercise normal independent control. We sustain respondent for failure of proof. Decision will be entered for the respondent.